Chief Justice Boyle
delivered the Opinion of the Court.
This was a bill filed by Benjamin Stith, on the 25th of April, 1823, in which be alleges in substance, that on the 1 -2th of April, 1815, Daniel Bedal purchased of Thomas Stith a tract of land of 450 acres, at the price of $700, and took his bond for the conveyance of the same, and having entered upon the possession thereof, afterwards, upon the 25th of September, 1818, sold the said tract to the complainant. for the sum of §2200, and as.-igned to him the bond on Thomas Slith for the conveyance. That at the time of the contract. Beda) falsely represented the land to be clear of dispute, and under that impression, the complainant had made the purchase and paid his money to Bedal and was put into the possession by him; but that Philip Johnson’s heirs had instituted suit and recovered a judgment in ejectment under an adverse elder grant against him.
lío makes Bedal and the heirs of Thomas Stith (he having departed this life) defendants, and offers if either of them will quiet the ad t erse claim,’to accept of a tifie, otherwise, he prays that the contract between him and Bedal, may bo rescinded upon *291 'equitable terms, and asks for whatever relief he may be entitled to in equity against either of the parties.
Answer of obligor’s heirs.
Assignor answers denying his responsibility, and relying on the laches of assignee.
Decree of the circuit court against assignor.
Assignor of a bond for land, there being no fraud nor express guarantee for the title, is resnonsible on, ly in case of due diligence by suit against obligor, of his inability to convoy, and insolvency.
Thomas Stith’s heirs, in their answer, admit the sale of the land, and the execution of the bond for the conveyance by their ancestor upon the terms stated in the bill, and that the complainant has been evicted therefrom, except a very small part, and they sub-’ mit tiie question of their responsibility to the court.
Bedal in bis answer, admits his purchase from ‘Thumas Stith, and the assignment of the bond for the conveyance and the delivery of the possession of the land to the complainant upon the terms stated; but denies that lie made any representation to him respecting the title, or that he knew at that time of the existence of Johnson’s title, and he insists that be is net responsible, being released, as he is advised, from any liability on his assignment by the negligence of the complainant in prosecuting a suit .against Thomas Stith or his heirs in due time.
The circuit court decreed the heirs of Thomas Stith to pay to the complainant g952, and Bedal >to pay to him the sum of ljf>5 dollars. To reverse the decree against Bedal, ú¡e has prosecuted this writ of error.
We can perceive no ground upon which the decree against Bedal can be sustained. It certainly cannot be sustained «pon the score of fraud; for although the bill charges him with having falsely represented the land to be clear of dispute, yet he positively denies having made any such representation, and there is not a particle of evidence in the record conducing •in the slightest degree to support the charge. It is equally dear that the decre'e cannot be sustained upon the ground of an express contract on the part' of Bedal to be responsible for the, title; for there is no express contract either written or verbal, binding him to guaranty the title of the land either alleged in the bill or proved in the cause. Nor can the decree be sustained upon the ground of Bedal’s implied responsibility, resulting from his assignment, to the complainant, of the bond for the conveyance of the land; for the law only implies from the assignment an undertaking on the part of Bedal to respond for the sufficiency of Thomas Stith and his representa, *292 tives, and it is not even alleged that they are not solvent. Resides his responsibility would only have attached upon the condition that the complainant had used due diligence by suit to recover of Stith, or his representatives, and this he has not done; for the bond on Stith required the conveyance to have been made in July, 1815, and no suit seems ever to have, been brought to coerce a conveyance, or to obtain an indemnity for failing to convey until this bill was-filed.
.Assignmentof the bond, in the^onTideration, which béingexocnSX" %ards fail.-
Hardin for plaintiff; Crittenden for defendant.,
The only other ground which we apprehend can be assumed in support of the decree against Beilal, is, that of a failure of the consideration on which the complainant has paid his money. Wo are perfectly aware that where money has been paid apon a consideraiion which has failed, the money may be covered back.
_ But the doctrine does not apply to this case, tor hero .there, has been no failure of consideration. The consideration upon which the complainant paid his money was Ihe assignment to him of the bond for the conveyance of the land and the delivery of flic possession of the land by Bedal. This was a lawful and sufficient consideration and this Rodal has performed, and being all lie undertook to perform, there could, of course, be no failure of consideration, for it would be preposterous to suppose that there, could be a failure of consideration where the consideration has been performed.
The decree against Bedal is therefore, erroneous, and must be reversed, vvilli costs, and the cause be remanded, that the bill as to him, may be dismissed with cost.